29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nestor Ricardo CABANILLAS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul Michael EVANS, Defendant-Appellant.
 Nos. 93-10492, 93-10520.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1994.*
Decided July 20, 1994.
 
 Before: CHOY, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On May 6, 1993, defendants Cabanillas and Evans each entered pleas of guilty pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure to Conspiracy to Possess with Intent to Distribute Marijuana, Possession with Intent to Distribute Marijuana and Unlawful Use and Carrying of a Firearm During a Federal Offense, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 924(c). Pursuant to Fed.R.Crim.P. 11(a)(2), defendants reserved the right to appeal the district court's adverse pretrial motion rulings.
 
 
 3
 Cabanillas and Evans each appeal the district court's denial of their motion to suppress evidence in the form of marijuana found at the residence of Roxanne Evans. Both Cabanillas and Evans claim that the district court erred in finding that exigent circumstances justified a warrantless sweep of the residence, and that Roxanne Evans validly consented to a search of the house. In addition, Cabanillas asserts that the district court erred in finding that he lacked standing to challenge the search of the residence. However, because we find that the district correctly found that the protective sweep was justified and proper, and that Roxanne Evans validly consented to a search of the residence, we need not reach the question of whether Cabanillas had standing to challenge the search. Accordingly, we affirm.
 
 
 4
 Defendants first argue that the district court erred in finding that exigent circumstances justified the warrantless entry and protective sweep of the residence. We review de novo the district court's determination of the validity of a warrantless entry into a residence. United States v. Huguez-Ibarra, 954 F.2d 546, 551 (9th Cir.1992). The issue of exigency is reviewed de novo, but the district court's findings of fact and determinations of the credibility of witnesses are reviewed for clear error. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1298 (9th Cir.1988). We accept the district court's findings of fact, as there has been no showing that they are clearly erroneous.
 
 
 5
 In order to show that a warrantless seizure of a residence falls within the exigent circumstance exception, the government has a twofold burden: "(1) it must show probable cause to secure the residence, and (2) it must show the existence of exigent circumstances to excuse the lack of a warrant." United States v. Howard, 828 F.2d 552, 555 (9th Cir.1987). Here, defendants do not dispute the existence of probable cause, but rather argue that no exigent circumstances existed. This argument lacks merit.
 
 
 6
 We have previously upheld the validity of a warrantless entry into a house after the arrest of a person if the officers had an objectively reasonable belief that they were in danger, and had probable cause to search. United States v. Arias, 923 F.2d 1387, 1391 (9th Cir.), cert. denied, 112 S.Ct. 130 and 112 S.Ct. 217 (1991). Here, Cabanillas and Evans were validly arrested immediately outside of their house. The agents decided to arrest the suspects at that time because they had reason to believe that the suspects had observed their surveillance.[1] Once the arrest was made outside the residence wherein the agents knew that drugs were kept, the agents had reason to fear for their safety, due to the known presence of at least one other adult inside the residence.
 
 
 7
 Defendants make much of the fact that only women and children were in the house, and that the officers had no evidence that any of the others at the house were involved in the transaction. We find it entirely irrelevant that the adult known to be present in the house was a female. In addition, a safety threat to the officers by an occupant of a house wherein bales of marijuana are stored is reasonable even though the agents did not specifically know whether said occupant was a participant in the transaction. A potential threat could be implied from the fact that the occupant was present in the same house where large quantities of marijuana were known to be held.
 
 
 8
 Defendants also claim that the failure of informant Manny to observe any weapons in the house rendered the officer's belief in potential harm unreasonable. However, weapons could have been present within the house without the informant observing them in the brief time he spent inside the house. The agents knew from experience that weapons are often present during drug transactions, and it was reasonable to believe that weapons would be kept at the residence where the "stash" was located. Accordingly, there existed "circumstances that would cause a reasonable person to believe that entry ... was necessary to prevent physical harm to the officers or other persons." United States v. Alfonso, 759 F.2d 728, 742 (9th Cir.1985).
 
 
 9
 Defendants also argue that exigent circumstances did not exist because the agents had time to obtain a warrant, but did not attempt to do so. It was reported to the agents by informant Manny that a large quantity of marijuana was present at 12:15 P.M., but no steps were taken to obtain a warrant at that time. However, active surveillance was ongoing at that time leading to the imminent need to effect an arrest at 12:45 P.M., due to the belief that the defendants had detected the surveillance. We have previously found that the failure to make a good faith attempt to obtain a telephonic warrant will be excused if there is no time to obtain such a warrant. United States v. Lindsey, 877 F.2d 777, 782 (9th Cir.1989).
 
 
 10
 In this case, the decision to effect an arrest of the defendants was not made until it was suspected that the surveillance had been observed. In the brief intervening time between the suspected detection and the suspects' arrival at the residence, there clearly was not time to obtain a warrant. There is no requirement that an attempt to obtain a warrant commence as soon as there is arguably probable cause, where the police officers involved are conducting an ongoing investigation or desire to obtain more evidence. United States v. Tarazon, 989 F.2d 1045, 1050 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993).
 
 
 11
 Finally, defendants argue that the protective sweep exceeded the scope necessary to insure the agents' safety. This argument is based on the contention of Roxanne Evans that the sweep lasted ten minutes, and the testimony of Ms. Acosta that she believed that agents searched her purse during the sweep. This testimony was contravened by testimony of one of the agents that the search was "quick ... less than a minute." The district court found that the more credible testimony confirmed that the sweep was a visual search for individuals who might have been concealed in the house. Because the district court's credibility determinations and factual assessments are not clearly erroneous, we find that the scope of the search was not excessive. Accordingly, we find that the protective sweep of the residence was valid under the exigent circumstance exception in all respects.
 
 
 12
 Defendants next contend that the district court erred in finding that the consent to search the house given by Roxanne Evans was given voluntarily and knowingly. "A district court's finding that a person consented to a search is generally treated as a factual determination, reversible only if clearly erroneous." United States v. Shaibu, 920 F.2d 1423, 1425 (9th Cir.1990). Defendants claim that Ms. Evans consent was not voluntary because the agents were threatening and coercive, and therefore she signed it out of fear for her children, and did not read it before signing it because she was nervous. There was conflicting testimony presented regarding whether the agents threatened or coerced Ms. Evans into signing, and whether the form was read prior to or after she signed it. The district court determined that the totality of the circumstances indicated that the consent was knowingly and voluntarily given. This determination was based upon all the testimony given, and credibility assessments made by the district court. We find no indication that the district court's finding was clearly erroneous. Accordingly, we affirm the determination that Ms. Evans voluntarily consented to the search.[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The holding by the Eleventh Circuit in United States v. Lynch, 934 F.2d 1226, 1233 n. 4 (11th Cir.1991), cert. denied, 112 S.Ct. 885 (1992), that the inability to maintain effective surveillance does not justify a warrantless search of a person's home is inapposite. Here, the surveillance problem resulted in the decision to effect an arrest, not in the search of the premises. In addition, there was already probable cause to effect the arrest, so the detection of the surveillance, while a motivating factor behind the decision to arrest the suspects, was not the justification for either the arrest or the protective sweep incident to that arrest
 
 
 [2]
 Because we find that the warrantless entry into the residence for a protective sweep was valid under the exigent circumstance exception, there is no merit to the argument that the consent was invalid because it was tainted by an illegal entry